WEST ST. LOUIS TRUST COMPANY, A CORPORATION, APPELLANT, V. AMERICAN SURETY COMPANY OF NEW YORK, A CORPORATION, RESPONDENT.*—5 S. W. (2d) 669.

St. Louis Court of Appeals.   Opinion filed May 1, 1928.

---

*Corpus Juris-Cyc. References: Banks and Banking, 7CJ, p. 663, n. 52; Insurance, 32CJ, p. 1148, n. 33; p. 1152, n. 94.

*Greensfelder, Rosenberger & Grand* for appellant.

*Bryan, Williams & Cave* for respondent.

SUTTON, C.—This is an action on an insurance policy. On demurrer to the petition the court gave judgment for the defendant, and plaintiff appeals.

The liability of defendant or not depends upon the proper construction of the following provision of the policy, set out in the petition, to-wit:

"In consideration of a premium to be paid annually in accordance with the application for this policy, which application is made a part hereof, the American Surety Company of New York (hereinafter called the Company) Does Hereby Agree to Indemnify West Saint Louis Trust Company (hereinafter called the Insured Bank) against direct loss, not exceeding the sum of Five Thousand Dollars, which may be sustained through the payment by the Insured Bank, after the date hereof, of any check, certified check or draft drawn upon the Insured Bank, or of any promissory note or domestic trade acceptance or bank acceptance payable at the Insured Bank, and upon which there shall have been forged as the drawer, maker or acceptor thereof, the signature of a depositor or that of any person whose signature such depositor has instructed the Insured Bank to recognize."

According to the facts as alleged in the petition, Jerome L. Wootan, while the policy was in force, executed and delivered to plaintiff his negotiable promissory note for $2800, and received therefor a loan of $2800, which he deposited with plaintiff. At the same time he delivered to plaintiff as collateral security for said loan two promissory notes, one for $4000, and another for $8000, made payable to said Wootan, and also a deed of trust securing said notes. The notes were made payable at the Mayfield Kentucky National Bank. The signatures to said notes and deed of trust were forged. Relying upon the representations made by said Wootan that said notes and deed of trust were genuine, plaintiff loaned said Wootan said sum of $2800, and as a result lost said sum.

Plaintiff contends that the note executed by Wootan for $2800 was a forgery at common law, and therefore within the coverage of the policy. It is manifest, however, that this contention is untenable. The note was not a forgery in any sense. It was in all respects what it purported to be, and there was no deceit or falsity in it, either as to its operation or effect, or as to the signature of the maker.

Plaintiff next contends that the forged notes, which were delivered to the plaintiff as collateral security, were within the coverage of the policy, and that the loan of $2800 made by plaintiff to Wootan upon the credit of said notes was a payment of said notes within the meaning of the policy. This contention is likewise untenable, for the very obvious reason that the notes were not payable at the insured bank, nor was there forged upon the notes, as maker, the signature of a depositor or that of any person whose signature such depositor had instructed the insured bank to recognize. The plaintiff insists that

the phrase, "payable at the insured bank," as used in the policy, does not qualify "promissory note," but qualifies only "bank acceptance." To maintain this insistence plaintiff argues thus:

"The only conceivable instance in which a bank would make payment of a promissory note presented to it would be where its patron desired to borrow money from it. This might be done in only two ways: The one where the patron himself signs the note payable to the bank and receives money for it, the other where he presents the note of any other person payable to himself and discounts it. It is a matter of common knowledge that the latter type of note is usually payable elsewhere. Yet these two situations are the only ones that could have been within the contemplation of the parties to this policy."

The argument is clearly unsound. It has long been the well-settled rule, which is now embodied in the Negotiable Instruments Law, that where a promissory note is made payable at a bank, it is equivalent to an order to the bank to pay the same for the account of the maker. The note of a depositor of a bank, made payable at the bank, is the equivalent of a check drawn by him on the bank. It is obvious that it is this sort of note that is covered by the policy in this case. To hold the defendant liable under the terms of this policy, we would have to give the policy a strained and unnatural construction, out of accord with its plain and simple language. We are mindful of the well-settled rule that insurance contracts must be construed liberally in favor of the insured and strictly against the insurer, but we cannot overlook another rule, equally well settled, that unequivocal language is to be given its plain meaning, though found in an insurance contract.

The judgment is for the right party, and should be affirmed. The Commissioner so recommends.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Daues, P. J.,* and *Becker* and *Nipper, JJ.,* concur.